(Nos. 12021-22-66.—Reversed and remanded.)

THE PEOPLE *ex rel.* Lewis E. Larson, Appellant, *vs.* PERCY
    B. COFFIN, Appellee.—THE PEOPLE *ex rel.* Angus Roy
    Shannon, Appellant, *vs.* CHARLES R. FRANCIS, Appel-
    lee.—THE PEOPLE *ex rel.* Lewis E. Larson, Appellee, *vs.*
    ALBERT H. MILLER, Appellant.

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

OFFICES—*when appointment of attorney and secretary of board
of education is unauthorized.* Where the mayor's appointments as
members of the board of education are not concurred in by the
city council the appointees have no legal title to the office and are
without power to appoint an attorney, secretary and business man-
ager for the board of education. (*People* v. *Davis,* 284 Ill. 439,
followed.)

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit Court
of Cook county; the Hon. CHARLES M. WALKER, Judge,
presiding.

MACLAY HOYNE, State's Attorney, for the People.

SAMUEL A. ETTELSON, and CHESTER E. CLEVELAND,
for appellees Percy B. Coffin and Charles R. Francis and
appellant Albert H. Miller.

Mr. JUSTICE COOKE delivered the opinion of the court:

Informations in the nature of *quo warranto* were filed
in the circuit court of Cook county in the cases of People
*ex rel.* Lewis E. Larson *vs.* Percy B. Coffin, People *ex rel.*
Angus Roy Shannon *vs.* Charles R. Francis, and People
*ex rel.* Lewis E. Larson *vs.* Albert H. Miller. The Coffin
case was instituted for the purpose of ousting the respond-
ent from the office of business manager for the board of
education of the city of Chicago. The Francis case sought
to oust the respondent from the office of attorney for the
board of education, and the Miller case sought to oust the

respondent from the office of secretary of the board of education. In each case, upon motion of the respondent and without a hearing, the circuit court entered an order vacating and setting aside the leave granted to file the information and dismissed the petition for leave to file the same. From these judgments appeals were perfected to the Appellate Court for the First District, and the judgments in the Coffin and Francis cases were affirmed. In the Miller case the Appellate Court reversed the judgment and remanded the cause "for such other and further proceedings as to law and justice shall appertain, consistent with the views expressed in the opinion of this court this day filed herein, to the end that respondent may be ousted from the office of secretary of the board of education, which he unlawfully usurps, as charged by the information." Each of these cases has been brought to this court by appeal, the Coffin case being numbered 12021, the Francis case 12022 and the Miller case 12066.

All of the questions involved in the Coffin and Francis cases have been considered and determined in *People* v. *Davis*, 284 Ill. 439. The board of education of the city of Chicago on May 23, 1917, appointed Lewis E. Larson secretary and Angus Roy Shannon attorney, and on June 13, 1917, appointed Larson business manager of and for said board of education. Each of these persons accepted the office to which he was appointed, and qualified and served until June 19, 1917, since which time they have been prevented from performing any of the duties and functions pertaining to their office by reason of the fact that the persons who were appointed members of the board of education of the city of Chicago on June 18, 1917, subject to the approval and confirmation of the city council, pretended to appoint Percy B. Coffin to the office of business manager, Charles R. Francis to the office of attorney and Albert H. Miller to the office of secretary of and for the said board of education. In *People* v. *Davis, supra,* we held

that the appointees of June 18, 1917, to the office of member of the board of education had no legal title to the office. They had no power, therefore, to terminate the appointments of Larson as business manager for and as secretary of the board of education and of Shannon as attorney for the board of education and to appoint Coffin, Francis and Miller in their stead.

In the Miller case the judgment of the circuit court was reversed and the cause remanded upon the theory that the secretary of the board of education was a civil service employee and that the office must be filled by a person taken from the civil service eligible list. As it was conceded that Miller was not eligible under the Civil Service law to fill this position the Appellate Court reversed the judgment of the circuit court. The question whether this office is under civil service and must be filled from the eligible list is presented and argued here, but as the persons who pretended to discharge Larson from the office of secretary were not members of the board of education and were without power to discharge him, the judgment of the Appellate Court should have been based upon that ground. It is unnecessary to determine the civil service question presented.

Following the decision in *People* v. *Davis, supra,* the judgments of the Appellate Court in causes numbered 12021 and 12022 are reversed and those causes are remanded to the circuit court, with directions to overrule the motions to vacate and set aside the orders granting leave to file the informations and dismiss the petitions. The Appellate Court erred in reversing and remanding cause numbered 12066 with directions to oust the respondent. The judgment of the Appellate Court in cause numbered 12066 is reversed and the cause is remanded to the Appellate Court with directions to enter a judgment reversing the judgment of the circuit court and remanding the cause, with directions to overrule the motion to vacate and set aside the order granting leave to file the information and dismiss the petition.

*Reversed and remanded, with directions.*